# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE MEYERS,<br><br>　　　　　Petitioner,<br>v.<br><br>JAVIER CAVAZOS,<br><br>　　　　　Respondent. | Case No. 11cv0485 BTM(PCL)<br><br>**ORDER GRANTING REQUEST FOR AN EXTENSION OF TIME TO FILE OBJECTIONS AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

　　　　Petitioner has filed a request for an extension of time to file objections to the Report and Recommendation. Petitioner's request is **GRANTED**. Petitioner's objections are now due on or before March 1, 2012. Any reply to the objections must be filed on or before March 19, 2012. The hearing on Report and Recommendation is continued to **March 23, 2012 at 11:00 a.m.** Unless the Court directs otherwise, this matter will be resolved without oral argument, and no personal appearances are necessary.

　　　　Petitioner has also filed a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the Court "determines that the interests of justice so require.'" 18

1  U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rules Governing Section 2254 Cases, Rule 8(c). The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

No evidentiary hearing is warranted in this case. Therefore, the discretionary standard applies. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

The Court is not convinced that appointment of counsel is required to prevent a due process violation. Petitioner appears to be fully capable of litigating her claim on her own. Thus, at this time, the Court finds that the interests of justice do not require the appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: January 19, 2012

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge